# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TYRONE DAVIS SMITH,

      Plaintiff,

    v.                                             Case No. 09-CV-603

CITY OF MILWAUKEE POLICE DEPARTMENT,
PHILLIP C. SIMMERT, DETECTIVE JAMES OLSON,
and NANNETTE HEGERTY,

      Defendants.

---

## ORDER

The plaintiff, who is incarcerated at Green Bay Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The case was initially randomly assigned to Magistrate Judge Aaron E. Goodstein. Since there has been no consent to magistrate judge jurisdiction, the case has been referred to this court for action.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.62.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic

-2-

recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is

Case 2:09-cv-00603-AEG   Filed 11/17/09   Page 3 of 10   Document 11

obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, on November 23, 2006, defendants Detective Phillip C. Simmert and Supervisor James Olson were dispatched to 1940 North 26th Street, Milwaukee, Wisconsin 53205, concerning allegations of a sexual assault involving the plaintiff. Defendant Simmert interviewed the alleged victim, Sasha T., the plaintiff's then eleven-year-old cousin, in his patrol car and allegedly acted in an unprofessional and improper manner by suggesting things to her. According to the complaint, at the plaintiff's criminal trial on May 21-22, 2007, Sasha T. testified that defendant Simmert suggested the words "penis" and "banana" to her, and that the penis she was allegedly feeling felt like a banana.

The plaintiff claims that defendant Simmert committed an intentional tort and misconduct of public office when he admitted at Smith's May 2007 criminal trial proceedings that he suggested the word "penis" to Sasha T. during his interview with her. The plaintiff further claims that defendant Simmert intentionally committed a dereliction of duty and gross negligence because he admitted at the trial that normally a child sexual assault victim is transported to Sexual Assault Treatment Center at Children's Hospital for a recorded interview to assist in avoiding possible suggestibility to the child. He also claims that defendant Simmert intentionally committed a dereliction of duty and gross negligence because he was not properly

Case 2:09-cv-00603-AEG   Filed 11/17/09   Page 4 of 10   Document 11

trained to interview a child sexual assault victim. Additionally, the plaintiff claims that defendant Simmert intentionally committed a dereliction of duty and gross negligence because DNA evidence was never sought from the plaintiff and that Simmert exhibited malice because he told the plaintiff during the November 23, 2006 interrogation that the plaintiff could "forget about his college career" or something to that effect.

The plaintiff claims that, as a result of the defendants' actions, he was deprived of his livelihood and college career at the University of Wisconsin-Milwaukee, unwillingly incurred a "repayment of refund" debt of $10,740,36 for the 2006-07 school year, had to move for a deferment of his student loan debt, was deprived of his employment as an office assistant at the University of Wisconsin-Milwaukee Africology Department, "has been deprived of his fundamental freedoms and convicted and imprisoned upon ill-gotten and illicit evidence produced through the defendants' agent and/or subordinate, defendant Simmerts, that exposed plaintiff to a 60-year prison sentence in which he received 15 years; 10 years initial confinement, followed by 5 years extended supervision[,]" unrelenting suffering from emotional distress and anxiety, "defamation of character, embarrassment, loss of prestige and esteem, his good name, and deliberate indifference and cruel and unusual punishment all resulting from police misconduct that caused a tainted and impartial trial proceeding based upon the elicited illicit evidence[.]" (Compl. at 5-6.)

Case 2:09-cv-00603-AEG   Filed 11/17/09   Page 5 of 10   Document 11

For equitable relief, the plaintiff seeks an order that the City of Milwaukee Police Department "coerce" its detectives and officers to obey the normal appropriate process, policies, and procedures when dealing with situations of alleged sexual assaults, especially those of an alleged child-victim, and to record in writing that such processes, policies, and procedures are followed. He also seeks compensatory and punitive damages.

In *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001), a foster parent accused of sexual misconduct with foster children claimed that law enforcement officers manipulated and coerced children into giving false evidence against him. The Ninth Circuit Court of Appeals affirmed the district court's granting of summary judgment to the defendants on the basis of qualified immunity. *Id.* at 1073. The court held that there is a clearly established due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government but that the foster parent had not established such a claim because he did not show that officials had continued investigation despite the fact that they knew or should have known that he was innocent, or used investigative techniques so coercive and abusive they knew or should have known that they would yield false information. *Id.* at 1074-76. The court also discussed due process considerations concerning police interviews of alleged child sexual assault victims:

> We are also persuaded, however, that there is no constitutional due process right to have child witnesses in a child sexual abuse investigation interviewed in a particular manner, or to have the investigation carried out in a particular way. Interviewers of child

-6-

witnesses of suspected sexual abuse must be given some latitude in determining when to credit witnesses' denials and when to discount them, and we are not aware of any federal law - constitutional, decisional, or statutory - that indicates precisely where the line must be drawn. *See generally Myers v. Morris*, 810 F.2d 1437, 1460-61 (8th Cir. 1987) (discussing in detail this "grey area of investigative procedure as to which there were, and probably sill are, less than clearly established legal norms'). *Cf. Idaho v. Wright*, 497 U.S. 805, 819, 110 S. Ct. 3139, 111 L.Ed.2d 638 (1990) (noting, in a Confrontation Clause context, that "[a]lthough the procedural guidelines propounded by the court below may well enhance the reliability of out-of-court statements of children regarding sexual abuse, we decline to read into the Confrontation Clause a preconceived and artificial litmus test for the procedural propriety of professional interviews in which children make hearsay statements against a defendant"). Consequently, mere allegations that Defendants used interviewing techniques that were in some sense improper, or that violated state regulation, without more, cannot serve as the basis for a claim under § 1983.

*Id.* at 1075.

It does not appear that the Seventh Circuit has explicitly recognized a constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government. Indeed, the court in *Devereaux* stated that perhaps because the proposition is virtually self-evident, that the court was unaware of any prior cases expressly recognizing the specific right. 263 F.3d at 1075. In any event, assuming the right exists, the plaintiff's allegation that defendant Simmert "suggested" the words "penis" and "banana" to Sasha T. does not support a plausible claim. *See id.* at 1076.

Finally, to the extent that the plaintiff claims that his right to a fair trial was violated, such claim is barred because it implies invalidity of the outstanding conviction and constitutes a collateral attack on the conviction through an

-7-

impermissible route. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). A § 1983 claim for a due process violation based on the denial of a fair criminal trial may be brought only after the conviction has been set aside. *Id.*

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

## ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiff's motion supplement (Docket #5) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #6) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for disbursement of funds from release account (Docket #8) be and the same is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Docket #9) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $339.38 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 17th day of December, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge