UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE DAVIS SMITH,

    Plaintiff,
v.                 Case No. 09-C-603

CITY OF MILWAUKEE POLICE DEPARTMENT,
PHILLIP C. SIMMERT, DETECTIVE JAMES OLSON,
and NANNETTE HEGERTY,

    Defendants.

## ORDER

  The plaintiff, Tyrone Davis Smith, a Wisconsin state prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983. On November 17, 2009, United States District Judge J.P. Stadtmueller granted the plaintiff's petition for leave to proceed *in forma pauperis* and dismissed the complaint for failure to state a claim. On November 23, 2009, the plaintiff filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), which will be addressed herein.

  A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation: newly discovered evidence; an intervening change in the controlling law; or manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions are generally not vehicles to introduce new evidence or

advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). The purpose of the rule is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *Prince*, 85 F.3d at 324.

To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997).

The plaintiff contends that the Screening Order dismissing his complaint for failure to state a claim contains several errors. Upon screening the complaint, the court determined that the plaintiff's allegations that defendant Simmert suggested the words "penis" and "banana" during the course of an interview of an eleven-year-old girl who the plaintiff was charged with sexually assaulting, failed to state a claim. (Screening Order, November 17, 2009, at 7.) The court also determined that the plaintiff's claim that his right to a fair trial was violated was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Screening Order at 7-8.) The action was
-2-

advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). The purpose of the rule is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *Prince*, 85 F.3d at 324.

To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997).

The plaintiff contends that the Screening Order dismissing his complaint for failure to state a claim contains several errors. Upon screening the complaint, the court determined that the plaintiff's allegations that defendant Simmert suggested the words "penis" and "banana" during the course of an interview of an eleven-year-old girl who the plaintiff was charged with sexually assaulting, failed to state a claim. (Screening Order, November 17, 2009, at 7.) The court also determined that the plaintiff's claim that his right to a fair trial was violated was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Screening Order at 7-8.) The action was

dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and a strike was "assessed" under 28 U.S.C. § 1915(g).

In his motion for reconsideration, the plaintiff first contends that the court erred in assessing a "strike" under 28 U.S.C. § 1915(g) because his complaint was dismissed "without prejudice." The Prison Litigation Reform Act's three-strikes provision states in relevant part that a prisoner shall not bring a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "A dismissal for failure to state a claim is a dismissal on the merits, Fed. R. Civ. P. 41(b), unless the dismissal order states otherwise; and a dismissal on the merits is normally with prejudice and thus a bar to relitigation." *Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009) (citations omitted). Based on the foregoing, the court properly assessed a "strike" upon dismissal of the plaintiff's complaint for failure to state a claim. In any event, the Seventh Circuit has stated that whether the court entering a dismissal calls it a strike is merely a "housekeeping matter"; it is for the court granting or denying leave to proceed *in forma pauperis* to determine whether a dismissal counts as a strike under § 1915(g). *Gleash v. Yuswak*, 308 F.3d 758, 761-62 (7th Cir. 2002).

-3-

Second, the plaintiff contends that the court erred in dismissing the complaint for failure to state a claim because the exhibits attached to his complaint, which include excerpts from his criminal trial, reveal defendant Simmert testified that he suggested the word penis during his interview of the alleged victim, that the alleged victim did not know what a penis was until he brought it up in the conversation, and that the alleged victim admitted that Simmert brought about other terms during their conversation of the criminal interview and that she has been using those terms ever since. Additionally, the plaintiff asserts that Simmert testified that in his line of work, it is never appropriate for an interviewer to make suggestions to an alleged child sexual assault victim. However, the court considered these allegations, and others, in determining that the complaint failed to state a claim. (Screening Order at 4-8.) The plaintiff does not challenge the court's analysis that his complaint allegations do not state a plausible claim.

Third, the plaintiff contends that the court erred in dismissing his complaint for failure to state a claim because in his petition for writ of habeas corpus, which is currently pending in the Eastern District of Wisconsin and which is based on the criminal conviction described in his § 1983 case, the court stated that he had an "arguable basis" for relief to support his claim. The plaintiff requests that the court reconsider and reverse its decision dismissing the complaint and instead hold the civil lawsuit in abeyance until determination and finalization of his petition for writ of habeas corpus. In screening the complaint, the court determined that, to the extent

the plaintiff claimed that his right to a fair trial was violated, such claim was barred because it implied the invalidity of the outstanding conviction and constituted a collateral attack on the conviction through an impermissible route. (Screening Order at 7.) The plaintiff may bring a § 1983 due process violation based on the denial of a fair criminal trial only after his conviction has been set aside. However, there is no indication when the plaintiff's habeas case will be resolved and, more importantly, no guarantee that his underlying criminal conviction will be set aside. Thus, the court will not reopen this case and hold it in abeyance.

The plaintiff has not shown that he is entitled to relief under Rule 59(e).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for reconsideration (Docket #13) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge